IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROLAND PALACIOS., | § | |
|     Petitioner, | § | |
| | § | |
| vs. | § | C.A. NO. C-11-50 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
|     Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Palacios is an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") and currently is incarcerated at the Polunsky Unit in Livingston, Texas. The actions about which he complains occurred in Nueces County, Texas. Petitioner filed this petition pursuant to 28 U.S.C. §§ 2241 and 2254 on February 25, 2011 (D.E. 1). The underlying conviction which is the subject of the petition is a 2007 Nueces County conviction for burglary of a habitation with intent to commit aggravated assault. Petitioner argues that his constitutional rights were violated in a number of ways during the plea proceedings. On May 13, 2011 respondent filed a motion for summary judgment to which Petitioner responded on June 6, 2011 (D.E. 7, 9). For the reasons stated herein, it is respectfully recommended that respondent's motion be granted.

## **JURISDICTION**

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and venue is proper in this court because Petitioner was convicted by a court in Nueces County, which is located in the Corpus Christi Division of the Southern District of Texas.  28 U.S.C. § 2241(d); Wadsworth v. Johnson, 235 F.3d 959, 961 (5th Cir. 2000).

## **BACKGROUND**

**A.  Factual Background**

The Thirteenth Court of Appeals summarized the facts of Petitioner's case as follows:

> Palacios was paroled to the home of his girlfriend, Hermilia Hinojosa, on June 29, 2005.  He violated the terms of his parole and was sent to an intermediate-sanction facility for drug rehabilitation.  He was released on January 19, 2006.  On January 21, he broke into Hinojosa's home.  Palacios called her on her cell phone, requesting that she go home so they could go out together.  She refused.  He then threatened to kill her, so she called the police.  Palacios destroyed everything in the house, then left.
>
> On February 5, 2006, Palacios called Ms. Hinojosa while she was at a restaurant with her niece, Kassie, and daughter, Jovanna.  He left her threatening messages that frightened her.  Kassie, who had been living with her son, Joey, at Hinojosa's house, told Hinojosa not to go home that night.  She agreed and stayed with a friend.  When Kassie and Jovanna returned to Hinojosa's home, they found Palacios standing outside the house.  Jovanna rushed inside and told Kassie to lock the door and take her baby to the back of the house.  Jovanna called "911" while Kassie hid the baby.  Palacios kicked the door down, and Kassie ran and hid.  He searched the house, shouting for Hinojosa.  Jovanna screamed at him that Hinojosa was not there.  He then threw a full twenty-four ounce can of beer at Jovanna's head.  She ducked and the can hit a computer.  He continued to ask Jovanna where her mother was, and she continued to tell him to leave.  He then threw a knife at her, but she ducked, and it missed.

2

>    Palacios fled as two police officers arrived at the house.  The officers stayed nearby to wait for his return.  Palacios returned to the house, but he fled again. The police were able to find him a few houses away.  The police officers tried to subdue him, but he resisted.  The officers had to use mace twice before he would settle down and get in their car.  While in the police car, he continued to fight.  He was eventually restrained.

Palacios v. State, No. 13-07-171-CR, 2008 WL 4433209 (Tex. App.–Corpus Christi 2008, pet. ref'd)(located herein at Ex Parte Palacios, WR-73,973-01 at 357-359; D.E. 6-20, pp. 45-47).[1]

### B. Procedural Background

Petitioner was indicted on one count of burglary with the intent to commit aggravated assault.  It was further alleged that he used a deadly weapon during the commission of the offense and also that he had previously been convicted of two felonies. Ex Parte Palacios, WR-73,973 at 381-381; D.E. 6-20 at 69-70.

At a pretrial hearing held on March 26, 2006 Petitioner's attorney advised the trial court that he wished to pursue a defense of "diminished responsibility."  Petitioner wanted to show that his blackouts were caused by mental illness combined with voluntary intoxication.  Ex Parte Palacios, WR-73,973-01 at 357-359.  To do so, he needed the court to allow the admission of two psychiatrists' reports and other evidence addressing Petitioner's diagnoses of mental illness and also allow Petitioner's testimony that he suffered from blackouts (1 Supp. R.R. 3-4; D.E. 6-14, pp. 3-4).  The defense would be based on the notion that his blackouts negated the State's evidence that he possessed the

---

[1]The state court records are located at D.E. 6.

requisite *mens rea* to have committed the offense (1 Supp. R.R. 4; D.E. 6-14, p. 4). The State argued that the admission of the evidence would confuse the jury because it would make the jurors think Petitioner was mounting an insanity defense, which he was not intending to do (1 Supp. R.R. 7; D.E. 6-14, p. 7).

Although there is no copy of an order in the record, the trial court apparently denied Petitioner's motion because at a hearing later in the week, Petitioner's counsel advised the court that based on the court's earlier ruling, Petitioner was going to change his plea to "no contest." (3 Supp. R.R. 3; D.E. 6-13, p. 3). On February 6, 2007 Petitioner entered an open plea of "no contest."  (2 R.R. 4-9; D.E. 6-10, pp. 11-16). The court then heard testimony from the complaining witnesses and law enforcement regarding the incident (2 R.R. 10-153; D.E. 6-10, pp. 17-160). Petitioner also testified and reports from two psychiatrists were admitted into evidence (2 R.R. 154-179; D.E. 6-10, pp. 161-186). The court sentenced Petitioner to a term of 60 years in TDCJ-CID (2 R.R. 187; D.E. 6-10, p. 194).

Petitioner filed a direct appeal and his conviction was affirmed by the Thirteenth Court of Appeals on July 17, 2008. Palacios, 2008 WL 4433209 (D.E. 6-20 at 45). Petitioner sought a petition for discretionary review and it was refused on November 26, 2008. Palacios v. State, PD-1092-08 (D.E. 6-3, p. 1). Petitioner next filed an application along with a brief and supporting documents seeking habeas corpus relief in state court on April 6, 2010. Ex Parte Palacios, WR-73,973-01 at 2-344 (D.E. 6-18, 6-19 and 6-20, pp. 1-32). On May 3, 2010 the trial court recommended that the application be denied. Ex

Parte Palacios, WR-73,973-01 at 376-377 (D.E. 6-20 at 64-65). The Texas Court of Criminal Appeals denied the application without written order on January 26, 2011. Ex Parte Palacios, WR-73,973-01 at "Action Taken" page (D.E. 6-17 p. 2).

Petitioner filed the instant petition in federal court on February 25, 2011 (D.E. 1). He asserts (1) his counsel was ineffective because he advised Petitioner to plea no contest rather than go to trial; (2) he was subjected to prosecutorial misconduct and vindictiveness when the prosecutor misled the trial court regarding the effect of Petitioner's medications and also provided false information regarding Petitioner's address at the time of the burglary; (3) the trial court denied Petitioner his right to a fair trial when it denied him the right to present expert testimony regarding the effects of the medication he was taking and (4) he is actually innocent of the burglary charge because he was residing at the residence at the time of the incident.

In his motion for summary judgment, respondent argues that Petitioner's habeas corpus cause of action should be dismissed because it is time-barred. Petitioner counters that he is entitled to equitable tolling of the statute of limitations because he was prevented from timely filing his state habeas application by the attorney he hired to file the application for writ.

## APPLICABLE LAW

### A. Statute of Limitations

Respondent argues that Petitioner's application for habeas corpus was filed outside the one-year limitation period set by the Anti-Terrorism and Effective Death Penalty Act

("AEDPA").  Regarding the deadline for filing an application for writ of habeas corpus, the statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.  Petitioner filed his current application for writ of habeas corpus after the effective date of the AEDPA and so is subject to its provisions.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997).

Petitioner's conviction became final when the time for filing a petition for writ of certiorari expired, which was 90 days after the Court of Criminal Appeals denied review. SUP. CT. R. 13.1.  In Petitioner's case his conviction became final on February 24, 2009. He had one year from that date, or until February 24, 2010, to file his federal petition.  28 U.S.C. § 2244(d)(1)(A); Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998).

Petitioner did not file his federal petition until February 25, 2011, one year after the limitations period expired.

Under the statute, the time during which a properly filed application for state court collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2). See also Coleman v. Johnson, 184 F.3d 398 (5th Cir. 1999) (Petitioner entitled to equitable tolling from the time he filed his state habeas application until it was denied). However, in this case, Petitioner filed his state court habeas petition on April 6, 2010, which was after the federal limitations period had expired, and accordingly it did not operate to toll the statute of limitations. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000). Because Petitioner filed his federal petition after the deadline ran, it is time-barred and should be dismissed with prejudice.

**B. Equitable Tolling**

Petitioner concedes that his federal petition was filed outside the limitations period, but argues that he is entitled to equitable tolling of the filing deadline. "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" United States v. Petty, 530 F.3d 361, 364 (5th Cir. 2008)(quoting United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000)(per curiam)). The AEDPA one-year limitations period is not jurisdictional and is subject to equitable tolling at the discretion of the district court. Id. (citing United States v. Wynn, 292 F.3d 226, 229-230 (5th Cir. 2002)).

Equitable tolling is permissible only in "rare and exceptional" circumstances. Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. Excusable neglect does not support equitable tolling. Coleman, 184 F.3d 398, 402 (5th Cir. 1999)(citations omitted). A Petitioner seeking to have the AEDPA limitations period tolled must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in the way of his timely filing his habeas petition. Lawrence v. Florida, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007). A prisoner proceeding *pro se* is not a "rare and exceptional" circumstance because it is typical of those bringing § 2254 claims. Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000).

Petitioner in this case asserts that on September 14, 2009, with the help of his wife, Ida Cortez, he hired an attorney at a cost of $2,000 to file his state habeas application. At that point he had approximately five months to file the state application so that it would toll the federal deadline. Despite repeated requests by mail and telephone to file the application by the deadline, the attorney never filed it. Documents submitted by Petitioner support his allegation (Contract and check for $2,000, D.E. 9, pp. 8-11; Undated letter, D.E. 9, p. 12; Detailed Call Record for Ida Cortez, D.E. 9, pp. 17-25; letter of Jan. 29, 2010, D.E. 9, p. 26). On February 11, 2010 Petitioner wrote to the attorney asking for a refund of the fees and also for the return of all of the documents Petitioner had given him (D.E. 9, p. 27). Petitioner's wife filed a grievance with the State Bar of

8

Texas on March 4, 2010 (D.E. 9, pp. 28-30; D.E. 91-, pp. 1-4).  The attorney returned the documents to Petitioner's wife on March 4, 2010 and she mailed them to Petitioner (Affidavit of Ida Cortez, D.E. 9-1, pp. 5-6).  Petitioner then hired another attorney, who filed his state habeas petition on April 6, 2010.

Petitioner argues that he relied on his attorney to file the state habeas petition in a timely manner and that the attorney's failure to do so is a rare and exceptional circumstance that warrants tolling of the statute of limitations.  The Fifth Circuit has held that mere error or neglect by an attorney does not warrant equitable tolling of the statute of limitations in a habeas case.  United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2003)(citing Cousin v. Lensing, 310 F.3d 843 (5th Cir. 2002)).  An attorney's intentional deceit could warrant equitable tolling, but only if the Petitioner shows that he reasonably relied on his attorney's deceptive misrepresentations.  Id. (citing Wynn, 292 F.3d at 230-31).

In this case Petitioner states in his response to the motion for summary judgment that the attorney had advised Cortez that he had filed the state writ application when he had not, but Cortez did not make such a statement in her affidavit.  Moreover, Petitioner states that he knew by January 29, 2010 that the attorney had not filed the application and he advised the attorney that the deadline would soon run.  Although it is understandable that Petitioner wanted the attorney to file the petition, Petitioner was well aware of the deadline and could have filed the petition *pro se*.  Also, even though the attorney had his documents, Petitioner could have filed a bare-bones petition and supplemented it with his

documents when he obtained them. Under these circumstances, Petitioner has not shown that he relied on his attorney's misrepresentation and therefore, he is not entitled to equitable tolling of the statute of limitations. Accordingly, it is recommended that Petitioner's habeas corpus cause of action be dismissed with prejudice.

## C. Merits

Respondent did not address the merits of Petitioner's claims. In the event the District Court does not adopt the recommendation that Petitioner's cause of action be dismissed as time-barred, a supplemental Memorandum and Recommendation will be submitted after Respondent files his brief on the merits.

## D. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a Petitioner relief is in the best position to determine whether the Petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under

§ 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the Petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Slack v. Daniel, 529 U.S. 473, 484, 120 S.Ct. 1604, 146 L.Ed.2d 542 (2000). "A Petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327, 123 S.Ct. at 1034.

A slightly different standard applies when the claims are dismissed on procedural grounds. In that instance, a Petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S.Ct. at 1604, 529 U.S. at 484 (emphasis added).

In Petitioner's case, it is recommended that his claims be dismissed on procedural grounds. Reasonable jurists would not find it debatable that Petitioner's claims are barred by limitations; therefore, it is recommended that any request for a COA be denied because Petitioner has not made the necessary showing for issuance of a COA.

## **RECOMMENDATION**

It is respectfully recommended that respondent's motion for summary judgment (D.E. 7) be granted. Petitioner's application for habeas corpus relief should be dismissed with prejudice as time-barred. It is further recommended that a Certificate of Appealability be denied.

Respectfully submitted this 29th day of August, 2011.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996)(en banc).