UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROLAND PALACIOS, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. C-11-50 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION
## GRANTING SUMMARY JUDGMENT

On August 29, 2011, Magistrate Judge B. Janice Ellington issued her Memorandum and Recommendation (D.E. 11), recommending the granting of the Respondent's Motion for Summary Judgment (D.E.7). Petitioner timely filed his Objections on September 11, 2011 (D.E. 12). For the reasons stated below, the Magistrate Judge's Memorandum and Recommendation, as supplemented herein, is adopted as the Court's own.

Petitioner stated five objections to the Memorandum and Recommendation. The first argues that there is a disputed issue of material fact regarding whether Petitioner's attorney engaged in intentional deceit, representing that he had filed a *habeas corpus* petition when he had not. Petitioner agrees that the Magistrate correctly cited the ruling in *United States v. Wynn*, 292 F.3d 226, 230-31 (5th Cir. 2002) as "an attorney's intentional deceit could warrant equitable tolling, but only if the petitioner shows that he reasonably relied on his attorney's deceptive misrepresentations."

The Court agrees with the Magistrate's finding that the Petitioner's evidence did not affirmatively establish that Petitioner's attorney made a false representation of fact regarding the filing of the writ.  More importantly, Petitioner's focus on the deceit element is misplaced.  Without evidence that he reasonably relied on the alleged deceit, this type of equitable tolling is not available to him.  Petitioner's first objection is overruled.

Petitioner's second objection asserts that there is insufficient evidence to support the Magistrate's finding that Petitioner knew that the *habeas corpus* petition had not been filed in state court on or before January 29, 2010.  Petitioner's letter to his attorney, dated January 29, 2010, states in part, "I will be time barred by the U.S. District Courts if no action is taken at the State level due to you neglecting to timely file said Writ to Toll the time for the one (1) year time limit."  This is sufficient evidence to show that Petitioner was aware that his state court writ had not been filed.  That knowledge, on January 29, 2010 was sufficiently in advance of his February 24, 2010 deadline to allow him to take action to preserve his federal rights.  Petitioner's second objection is overruled.

Petitioner's third objection asserts that the "finding" is erroneous that Petitioner hired another attorney to file his state *habeas corpus* petition, as he filed it *pro se*.  The Court finds that it is immaterial whether the state *habeas corpus* petition was filed by Petitioner or another attorney.  Petitioner's third objection is overruled.

Petitioner's fourth objection states that the time between January 29, 2010 and February 24, 2010 was "minimal time" to file a *pro se* writ.  Petitioner has not submitted any evidence on which to find that the "minimal time" was insufficient, particularly given

that Petitioner states in his third objection that he had previously drafted a writ for his attorney to file. According to Petitioner's January 29, 2010 letter, in which he states that the attorney should have filed the writ before a telephone call in October, 2009, he had sufficient time to ensure that the writ was filed. Petitioner's fourth objection is overruled.

Petitioner's fifth objection asserts that he is entitled to a Certificate of Appealability ("COA"). However, Petitioner has not made the necessary showing that his evidence is such that reasonable jurists would find it debatable that Petitioner's claims are barred by limitations. Petitioner's fifth objection is overruled.

Having reviewed the findings of fact and conclusions of law in the Magistrate Judge's Memorandum and Recommendation (D.E. 11), as well as the pleadings on file and Petitioner's objections, and having made a *de novo* disposition of those portions of the Magistrate Judge's recommended disposition to which objections were raised, see *Koetting v. Thompson*, 995 F.2d 37 (5th Cir. 1993), 28 U.S.C. § 636(b)(1)(C); Habeas Corpus Rule 10 of the rules applicable to cases under 28 U.S.C. §2254, the Court hereby adopts as its own the findings and conclusions of the Magistrate Judge as supplemented herein.

Accordingly, it is ORDERED that Respondent Thaler's Motion for Summary Judgment (D.E. 7) is GRANTED.

ORDERED this 20th day of September, 2011.

                                         */s/ Nelva Gonzales Ramos*
                                         NELVA GONZALES RAMOS
                                         UNITED STATES DISTRICT JUDGE