UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ROLAND PALACIOS,                    §
                                    §
          Petitioner,               §
VS.                                 §      CIVIL ACTION NO. C-11-50
                                    §
RICK THALER,                        §
                                    §
          Respondent.               §

## OPINION AND ORDER OF STAY

On September 20, 2011, the District Court entered an order dismissing the petition in this case based on limitations (D.E. 11, 13).  A notice of appeal was filed by petitioner's counsel on September 30, 2011, and is pending in the Fifth Circuit (D.E. 14, 16, 20), but the District Court did not enter final judgment until February 29, 2012 (D.E. 21).  On March 28, 2012, petitioner filed a *pro se* motion for a new trial or in the alternative a motion to alter or amend the judgment (D.E. 22).[1]  Because petitioner is represented by counsel, he is not entitled to hybrid representation,[2] and generally a motion such as this one would be struck.  But because of the unusual procedural posture of the case, and because petitioner would lose his protected filing date of March 28, 2012, the motion will not be struck.

---

[1] Petitioner signed the motion on March 26, 2012.  It is assumed that he placed it with prison authorities for mailing some time between March 26 and March 28, 2012 because the motion was received by the Clerk in the mail and filed on March 29, 2012.  Pursuant to the mailbox rule, the motion is considered filed no later than March 28, 2012, which is within the twenty-eight (28) day deadline set forth in FED. R. CIV. P. 59(e).  *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) (prisoner filings related to habeas petition considered filed on date the pleading is placed in prison mail system).
[2] *See Lee v. State of Alabama*, 406 F.2d 466 (5th Cir. Unit B 1986).

A hearing was held on this matter by telephone conference call on May 30, 2012. Present on the phone were counsel for petitioner and respondent.  Counsel stated they were not opposed to granting a stay on petitioner's motion until after the appeal is decided.

Accordingly, any ruling on petitioner's motion (D.E. 22) is stayed until after the appeal is decided.  At that time, if the motion is not moot because of action by the Fifth Circuit Court of Appeal, the stay will be lifted and counsel will be given an opportunity to file supplemental briefs if appropriate.  Petitioner is warned that hybrid representation is not permitted.  Any future *pro se* pleadings filed while petitioner is represented by counsel will be struck.

ORDERED this 31st day of May, 2012.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE